O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DELORIES LESTER ) | Case No. EDCV 06-00360-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Delories Lester seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance Benefits("DIB"). For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed with prejudice.

**I.  Factual and Procedural Background**

Plaintiff was born on August 29, 1958, and has a high school education. (Administrative Record ("AR") 11.) She has worked as a home

attendant, cashier, sales clerk, and bus driver. (Id.) On September 23, 2003, Plaintiff filed an application for DIB, claiming an onset disability date of September 5, 2001, due to a crushed right foot, back injury, and asthma.[1] (Id.)

The Commissioner denied Plaintiff's application initially and upon reconsideration. (AR 22-25, 27-31.) Plaintiff timely filed a Request for Hearing, and a hearing was held on June 14, 2005, before Administrative Law Judge ("ALJ") Larry Parker. (AR 232.) Plaintiff was insured only through December 31, 2003, thus the ALJ was required to determine whether Plaintiff was disabled prior to that date. (AR 11.)

The ALJ found that Plaintiff was not disabled during any portion of the relevant time period. The ALJ made specific findings that Plaintiff's asthma is not "severe" within the meaning of the Social Security Regulations; Plaintiff suffers from right foot arthritis and degenerative disc disease of the lumbar spine, and both impairments are severe under the regulations; Plaintiff's severe impairments do not meet or equal any of the listed impairments in the regulations; Plaintiff retains a residual functional capacity that allows her to perform her past work as a cashier and sale clerk; and, accounting for Plaintiff's exertional limitations, "there are a significant number of jobs in the national economy that she could perform." (AR 19.)

Plaintiff timely filed a Request for Review of the ALJ's decision. The Appeals Council denied review on March 4, 2006. (AR 3-5.) Plaintiff

---

[1] Plaintiff previously filed an application for benefits on February 28, 1995, alleging a February 14, 1995, disability onset date. The Commissioner denied Plaintiff's application on April 13, 1995, and Plaintiff did not appeal the decision.
Plaintiff again filed for DIB and Supplemental Security Income benefits on June 21, 2002, alleging a March 1, 2002, disability onset date. The Commissioner denied the application on December 19, 2002, which Plaintiff did not pursue. (AR 10.)

filed the instant action on April 5, 2006, raising two claims of error: 1) the ALJ improperly discredited the opinion of a treating podiatrist; and 2) the ALJ erred by failing to incorporate the podiatrist's opinion into the hypothetical question posed to the vocational expert. (Jt. Stip. 2.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if "if it is supported by substantial evidence and based on the application of correct legal standards." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

\\
\\
\\

**III. Discussion and Analysis**

On September 5, 2001, a bus rolled over Plaintiff's right foot. (AR 121.) X-rays did not reveal a fracture or other bone or joint abnormality, and she was diagnosed with a foot contusion and abrasion. (AR 12, 118-20.) Beginning in January 2003, Plaintiff was treated for this injury by Raymond Tsukuda, Doctor of Podiatric Medicine, at the Loma Linda Foot and Ankle Center.[2] On October 21, 2003, Dr. Tsukuda completed a Primary Treating Physician's Permanent and Stationary Report as part of Plaintiff's Workers' Compensation claim. In a section asking the physician to describe "all preclusions or restrictions related to work activities," Dr. Tsukuda reported that Plaintiff should not stand for longer than 30 minutes at a time; should not walk for longer than 30 minutes; should not lift objects greater than 10 pounds; should not make repetitive movements with her feet; and should not perform repetitive bending. (AR 184.)

The ALJ took note of Dr. Tsukuda's specific findings regarding Plaintiff's physical limitations, but found his opinion "neither persuasive nor controlling," stating:

> [H]is opinions are not well supported; those extreme limitations are not backed by citations to medical signs and laboratory results as required by SSR 96-4p. Indeed, Dr. Tsukuda reports an essentially normal examination throughout 2003, with the exception of decreased sensation in the right foot on September 12, 2003. This is a subjective finding, and in view of the claimant's significant pain behavior in Dr. Pang's office on March 8, 2002, the credibility of her

---

[2] Licensed podiatrists such as Dr. Tsukuda are acceptable medical sources. 20 C.F.R. § 404.1513(a)(4).

> subjective complaints is negligible. While Dr. Tsukuda is an acceptable medical source, his expertise is limited to the foot and ankle. Consequently, his opinions about the claimant's ability to lift and bend cannot be considered to be those of a treating physician, although they have been taken into account.

(AR 15) (citations omitted). The ALJ did not incorporate the limitations described in Dr. Tsukuda's report in the hypothetical questions posed to the vocational expert.

Plaintiff claims that the ALJ improperly rejected Dr. Tsukuda's opinion, focusing on two of the ALJ's stated reasons for doing so: 1) Plaintiff contends that, given the ALJ's conclusion that Dr. Tsukuda's opinion is "not backed up by medical signs and laboratory results," the ALJ had a duty under 20 C.F.R. § 404.1512(e)(1) to request additional information for Dr. Tsukuda, clarifying his opinion; and 2) Plaintiff argues that the ALJ erred by finding that Dr. Tsukuda, a podiatrist, lacked the expertise to opine on Plaintiff's ability to lift and bend.

It is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989). Thus, the ALJ determines which medical opinions should be given the most weight. As a general rule, a treating medical source's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well supported and not inconsistent with other substantial evidence. Social Security Ruling 96-2p. The ALJ may reject the opinion of a treating medical source if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Lester v. Chater*, 81 F.3d 821, 830-31

(9th Cir. 1996); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Nevertheless, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). In addition, if the opinion of a non-treating source is based upon independent clinical findings that differ from those of the treating medical source, the opinion of the non-treating source may itself be substantial evidence on which the ALJ may rely. *Andrews*, 53 F.3d at 1041.

The ALJ rejected Dr. Tsukuda's October 21, 2003 report because it lacked support in the Dr. Tsukuda's previous medical reports. Beginning in January 2003, when Dr. Tsukuda first examined Plaintiff, he noted "mild edema" and "mild discomfort" and tenderness in Plaintiff's right foot. (AR 158, 162, 164.) On February 14 there was "minimal edema" and "non-specific" pain in the right foot. (AR 166.) On February 28, Dr. Tsukuda noted, "The right foot sprain is improving." (AR 169.) By March 28, Dr. Tsukuda repeatedly reported "no edema" and, by April 25, "a good range of motion" in the right foot. (AR 170, 172, 174.) Dr. Tsukuda also reported that Plaintiff was able to walk into the office on her own. (AR 158, 162, 164, 166, 170, 172, 174.)

The ALJ did not err in concluding that Dr. Tsukuda's examination record lacked the objective support for the severe limitations described in the October 21 report. Dr. Tsukuda's progress notes not only lack the type of clinical findings to support the report, his notes describe Plaintiff's condition in a way that is inconsistent with the limitations listed in the report. Moreover, the October 21 report contains no new

findings that would cause such severe physical limitations.

Indeed, Plaintiff does not point to any clinical findings in support of Dr. Tsukuda's October 21 report. (Jt. Stip. 2-5.) Instead, Plaintiff argues that, if the ALJ was concerned about the absence of medical support for Dr. Tsukuda's report, the ALJ had a duty under 20 C.F.R. § 404.1512(e)(1) to contact Dr. Tsukuda to obtain additional information. The relevant portion of the regulation states: "When the evidence we receive from your treating...medical source is inadequate for us to determine whether you are disabled," the Commissioner "will recontact your treating...medical source to determine whether the additional information we need is readily available." 20 C.F.R. §§ 404.1512(e), (e)(1).

This is not a case where the treating medical source's records were inadequate. Dr. Tsukuda provided thorough progress notes over the relevant time period. There were no gaps or ambiguities in the record that would trigger the ALJ's duty to supplement under section 404.1512(e). *See, e.g., Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006); *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). As discussed above, the record provided sufficient support for the ALJ's decision to reject Dr. Tsukuda's opinion; therefore the ALJ did not have a duty to recontact him. *Bayliss*, 427 F.3d at 1217.

Plaintiff also contends that the ALJ erred by finding that Dr. Tsukuda lacked the expertise to issue an opinion concerning Plaintiff's lifting and bending limitations. Plaintiff's contention lacks merit for two reasons. First, the dearth of medical findings provide a specific and legitimate reason for discounting Dr. Tsukuda's opinion. The ALJ need not provide an additional basis for rejecting Dr. Tsukuda's opinion. Second, Dr. Tsukuda is an acceptable medical source "for

purposes of establishing impairments of the foot, or foot and ankle only...." 20 C.F.R. § 404.1513(a)(4). Plaintiff provides no support for her contention that a podiatrist's expertise as a medical source extends to opinions about lifting and bending. The Court finds that the ALJ did not err in rejecting Dr. Tsukuda's opinion regarding Plaintiff's ability to lift and bend.

Finally, Plaintiff claims that the ALJ erred by failing to incorporate Dr. Tsukuda's opinion, as contained in the October 21, 2003 report, into the hypothetical posed to the vocational expert. "In order for the testimony of a VE [vocational expert] to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas*, 278 F.3d at 956 (quoting *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)). Because the ALJ did not err in finding that Dr. Tsukuda's medical opinion was not supported by the record, the ALJ did not err in omitting Dr. Tsukuda's opinion from the hypothetical posed to the vocational expert.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED. IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:   January 17, 2007          */S/ Marc L. Goldman*

                                   _____
                                   MARC L. GOLDMAN
                                   United States Magistrate Judge